IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD LEWIS ECHARD,                    )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )      Civil Action No. 20-1308
                                      )
ANDREW SAUL,                          )
*Commissioner of Social Security*,    )
                                      )
            Defendant.                )

ORDER

AND NOW, this 30th day of September 2021, having considered the parties' motions for summary judgment, the Court will grant the Commissioner of Social Security's ("Commissioner") motion to the extent that the Commissioner seeks affirmance of the final agency decision. The Court will deny the Commissioner's motion as to costs.[1] The Court will affirm the Commissioner's decision denying Plaintiff's application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq.*, because it is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003).[2]

---

[1]     The Commissioner has not provided any argument in support of the request to tax costs against Plaintiff. Without anything more than the Commissioner's "conclusory assertions" as to costs, the Court finds the issue is waived. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2]     Plaintiff, Chad Lewis Echard, applied for SSI benefits on May 11, 2018. (R. 10). His claim was denied, and he sought a hearing before an Administrative Law Judge ("ALJ"). (R. 10). The ALJ found that while Plaintiff suffered from five severe, medically determinable impairments—obesity, degenerative disc disease, lumbago with left-sided sciatica, depressive disorder, and generalized anxiety disorder—he retained the ability to perform a reduced range of sedentary work. (R. 12, 15). Based on that finding, the ALJ further found that Plaintiff was not

disabled because a significant number of unskilled, sedentary jobs were available to him.  (R. 20—21).  That decision is the Commissioner's final decision pursuant to 20 C.F.R. § 416.1481.  (R. 1).  Plaintiff seeks its reversal, arguing that the decision is not supported by substantial evidence.  As explained herein, the Court finds the ALJ's decision is supported by substantial evidence in the record and will affirm the decision.

Plaintiff's arguments center upon whether the ALJ erred in articulating Plaintiff's residual functional capacity ("RFC").  The RFC "is the most [the claimant] can still do despite [his] limitations."  20 C.F.R. § 416.945(a)(1).  The RFC determination is critical to an ALJ's assessment of whether a claimant is disabled.  ALJs make a finding as to a claimant's RFC as part of their five-step evaluation of alleged disability.  *Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).  In the first three steps, ALJs assess whether a claimant is engaged in substantial gainful activity, suffers from a "severe medical impairment" or impairments, and whether any of Plaintiff's impairments are so severe that they match an impairment on the list the Commissioner keeps of presumptively disabling impairments.  *Id.*  When a claimant is not engaged in substantial gainful activity and suffers from a severe medically determinable impairment(s), but not an impairment that is as severe as those on the Commissioner's list, the ALJ must determine whether the claimant can return to past work or adjust to alternative work.  *Id.*  At these last two steps, the claimant's RFC is essential—the claimant will be found not disabled if his RFC permits a return to past work or if his RFC, age, education, and work experience permit adjustment to alternative work.  *Ramirez v. Barnhart*, 372 F.3d 546, 551 (3d Cir. 2004).  The claimant bears the burden of proof in all but the final step in this evaluation.  *Id.*

The only limitations appropriate for inclusion in the RFC are those that are "*credibly established.*"  *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  ALJs base their determination of the claimant's RFC "on all the relevant evidence in [the] case record."  20 C.F.R. § 416.945(a)(1).  Ultimately, the ALJ's RFC finding must be supported by "substantial evidence," *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the ALJ's RFC finding is supported by substantial evidence, reviewing courts may not disturb the finding because they would have weighed the evidence differently.  *Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) ("The court may neither reweigh the evidence, nor may we reverse the Secretary merely because we would have decided the claim differently.").

In this matter, the ALJ found Plaintiff's RFC included a reduced range of sedentary work.  (R. 15).  Sedentary work generally entails "lifting no more than 10 pounds at a time" and mostly sitting, though "a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 416.967(a).  The ALJ added limitations on Plaintiff's climbing, balancing, stooping, kneeling, crouching, and crawling.  (R. 15).  He also limited Plaintiff's exposure to environmental and work hazards.  (R. 15).  He indicated Plaintiff would require his assistive device for ambulation and balance, and further imposed non-exertional limitations as follows: no

supervisory responsibilities, only occasional interaction with others, and "simple, routine, and repetitive tasks, requiring only simple decisions," without "fast-paced production requirements and few workplace changes." (R. 15). The ALJ supported the RFC determination with a thorough explanation of his review of the record. (R. 15—19). He considered Plaintiff's alleged physical and mental health symptoms, activities of daily living, objective medical evidence, and medical opinion/prior administrative medical finding evidence. (R. 15—19). As a general matter, the Court is satisfied that the ALJ's explanation of the evidence he considered and how he considered it demonstrates that the determination is supported by substantial evidence in the record. Plaintiff's discrete challenges to the determination and decision are unpersuasive.

Plaintiff argues the ALJ failed to consider records from Plaintiff's physical therapist, Ms. Lemming, toward his RFC determination. He contends that Ms. Lemming's records constituted a medical source opinion that should have been evaluated according to the factors at 20 C.F.R. § 416.920c(c)(1)—(c)(5). Those factors are employed to evaluate the persuasiveness of "all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* § 416.920c(b). The Court disagrees because records from NovaCare Rehabilitation that document Ms. Lemming's treatment of Plaintiff do not constitute a medical source opinion. Rather, the records Plaintiff cites are records of the subjective complaints Plaintiff presented to Ms. Lemming. (R. 1213). A medical record that merely documents a Plaintiff's subjective complaints is not a "medical opinion." 20 C.F.R. § 416.913(a)(2). Thus, the ALJ did not overlook any medical opinion identified in the record.

Next, Plaintiff argues that the ALJ erred in assessing his subjective complaints. A claimant's statements about symptoms and pain are not enough to establish disability, however, the ALJ must consider all such statements. 20 C.F.R. § 416.929(a); *Mason*, 994 F.2d at 1067 ("An ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence."). When ALJs consider a claimant's subjective complaints, they first look for "objective medical evidence from an acceptable medical source that shows [the claimant] ha[s] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 416.929(a). Then they turn to "all of the available evidence" to evaluate "the intensity and persistence of [the claimant's] symptoms" to determine which functional limitations are consistent with the evidence. *Id.* An ALJ's decision about a claimant's symptoms must "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3P, 2017 WL 5180304, at *10 (S.S.A. Oct. 25, 2017).

Plaintiff's argument is that the ALJ "applied too rigorous a standard when assessing the Plaintiff's symptom allegations concerning his low backpain and resulting functional limitations." (Doc. No. 15, pg. 19). However, the methodology the ALJ employed to assess Plaintiff's representation of his pain is exactly that which the Court just described. The ALJ considered Plaintiff's statements that he suffered from lumbar back pain, which he indicated was

intermittent, radiating, and exacerbated by "sitting, standing, and walking for prolonged periods." (R. 16). The ALJ credited Plaintiff's complaints of back pain as consistent with imaging that showed protrusions and narrowing of the spinal canal. (R. 17). He further acknowledged that the condition of Plaintiff's lumbar spine had worsened during the relevant time period despite treatment that included physical therapy and epidural steroid injections. (R. 17). However, considering the other evidence in the record, *e.g.*, that Plaintiff often demonstrated normal strength and good range of motion (R. 17), the ALJ found no more than the limitations identified in the RFC were appropriate. The ALJ's reconciliation of Plaintiff's complaints with the other evidence in the record is articulated with sufficient clarity for the Court to understand the rationale of the ALJ's finding. Where, as here, the Court discerns no error or oversight, it will not endeavor to reweigh the evidence. *Berry*, 738 F. Supp. at 944.

Plaintiff also appears to argue that the ALJ failed to adequately discuss evidence of his chronic low back pain and chronic pain syndrome. He cites treatment notes from Dr. Berry, Dr. Madaan, and Dr. Oddis, all of whom noted Plaintiff's lumbar back problems and identified low back pain and/or chronic pain syndrome among Plaintiff's diagnoses. (R. 716, 868, 926). The ALJ documented his thorough consideration of Plaintiff's low back pain, therefore, the ALJ was not required to cite further evidence in the record of that condition. *Phillips v. Barnhart*, 91 F. App'x 775, 780 (3d Cir. 2004) (explaining the ALJ did not err in omitting discussion of EMG results which "merely confirmed" earlier MRI findings where the ALJ specifically discussed the MRI findings). Insofar as the Court reads Plaintiff's argument to suggest that the ALJ's decision is deficient because he did not address evidence of chronic pain syndrome separately from evidence of chronic low back pain, the Court is unmoved. Plaintiff has not identified functional limitations arising from chronic pain syndrome separate from those arising from his chronic back pain. Without indicia of "separate pain symptoms" that were "attribut[able] to chronic pain disorder," there was no error in the ALJ's consideration of Plaintiff's pain. *Longboat v. Berryhill*, No. CV 17-146-E, 2018 WL 4157067, at *1 n.1 (W.D. Pa. Aug. 30, 2018). Further, Plaintiff's suggestion that the ALJ failed to consider Plaintiff's chronic pain pursuant to SSR 03-2P is misplaced as that ruling dictates how to evaluate disability claims that are based on a specific diagnosis of "Reflex Sympathetic Dystrophy Syndrome (RSDS), also frequently known as Complex Regional Pain Syndrome, Type I (CRPS)." 2003 WL 22399117, at *1 (S.S.A. Oct. 20, 2003). No such diagnosis is in Plaintiff's record.

Plaintiff further argues that the ALJ's RFC determination is flawed because the ALJ failed to consider the combined effect of Plaintiff's lumbar disc protrusion at L4-5 with moderate stenosis, chronic low back pain/chronic pain syndrome, and obesity. However, the ALJ specifically included consideration of Plaintiff's categorically obese BMI throughout his discussion of the evidence pertaining to Plaintiff's physical impairments and limitations arising therefrom. (R. 16, 17). Thus, this case is distinguishable from *Diaz v. Comm'r of Soc. Sec.* wherein the Third Circuit Court of Appeals faulted the district court for finding that the ALJ adequately addressed Diaz's obesity by citing "reports by doctors who were aware of Diaz's obesity." 577 F.3d 500, 504 (3d Cir. 2009). Here, the ALJ accounted for Plaintiff's obesity as he combed through the evidence to articulate an appropriate RFC. And in any event, Plaintiff

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch
United States District Judge

---

has not indicated how greater consideration of his obesity would have led the ALJ to further limit his RFC. Therefore, this alleged error would not be one that warranted remand even if it was indeed an error. As this Court remarked in *Tipton v. Saul*, a claimant who "offers no suggestion as to what functional limitations should have been included in his RFC to account for his obesity" beyond the limitations already included in the RFC, "offers no more than the type of generalized speculation that his weight could have had an impact rejected by the Third Circuit Court of Appeals in *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)." No. CV 19-160-J, 2020 WL 5805257, at *1 n.1 (W.D. Pa. Sept. 29, 2020).

Plaintiff's final argument is that the ALJ's finding at step two that he suffered from moderate limitations in three of the four broad areas of mental functioning should have led the ALJ to include more mental functioning limitations in the RFC. However, it is well established that an ALJ's "functional limitation findings do not dictate the terms of the ALJ's statement of the claimant's limitation[s]" later in the analysis. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 210 (3d Cir. 2019). Here, the ALJ provided a narrative discussion of his consideration of the evidence in the record concerning Plaintiff's mental health. (R. 17). Based on his consideration of that evidence, he acknowledged in the RFC that Plaintiff would only be able to "adapt[] to changes that are predictable and introduced gradually;" limited him to simple, routine, and repetitive tasks requiring only simple decisions; and prohibited "fast-paced production requirements" as well as more than "few" changes in the workplace. (R. 15). In articulating these limitations, the ALJ imposed greater restrictions than those articulated by the State agency psychological consultant. (R. 19). The ALJ explained that he deviated from the State agency psychological consultant's more conservative findings to accommodate deficits in Plaintiff's "understanding and remembering things and concentrating, persisting, or maintaining pace due to the documented side effects of his prescription medications, including fatigue and decreased energy." (R. 19). He also explained why he did not go so far as to adopt the limitations opined by Plaintiff's therapist, Amber Preston, MS. (R. 19). Ms. Preston opined very significant limitations in understanding, remembering, and applying complex instructions; behaving in an emotionally stable manner; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 19). However, the ALJ found that assessment was inconsistent with simultaneous treatment notes in the record and Plaintiff's relatively consistent and unremarkable mental status examinations. (R. 19). Where, as here, the ALJ supported his articulation of Plaintiff's RFC with evidence that would satisfy a "reasonable mind" and did not overlook relevant "countervailing evidence," his findings are final. *Mason*, 994 F.2d at 1064. For this and the foregoing reasons, the Court will affirm the ALJ's decision.

ecf:    Counsel of Record